**UNITED STATES of America, Plaintiff,**

v.

**Harold "Skip" FINN, Defendant.**

**Civil File No. 5–95–12(1).**

United States District Court,
D. Minnesota,
Fifth Division.

Dec. 11, 1995.

---

Shane Cantin, Springfield, Missouri, for defendant.

Richard E. Monroe, Assistant United States Attorney, Springfield, MO, for plaintiff.

## ORDER

DAVIS, District Judge.

This matter is before the Court upon Defendant's objections to United States Magistrate Judge Erickson's Report and Recommendation dated October 12, 1995, and upon Defendant's appeal of the Magistrate Judge's Order dated October 12, 1995.

Pursuant to statute, the Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review and all the arguments of the parties, the Court ADOPTS the Report and Recommendation.

In his objections to the Report and Recommendation, Defendant raised an argument not previously submitted to Magistrate Judge Erickson. Defendant argues that Counts 2 through 9, referred to as the Section 1163 theft charges, must be dismissed because Section 1163 is legislation beyond Congress' limited powers to define federal crimes. This argument is based upon the recent United States Supreme Court decision *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995).

In *Lopez,* the Court reversed a criminal conviction for possessing a gun in a school zone, as the statute upon which the conviction was based bore no rational relationship to interstate commerce. The government argues, and this court agrees, that *Lopez* is inapposite as the legislation at issue in this case was not enacted pursuant to the Interstate Commerce Clause.

"The plenary power of Congress to deal with the special problems of Indians is drawn both explicitly and implicitly from the Constitution itself." *Morton v. Mancari,* 417 U.S. 535, 551–552, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974). Article I, § 8, cl. 3,[1] provides Congress the power to regulate commerce with the Indians, the Indian Commerce Clause, and the presidential power, by and with the consent of the Senate, to make treaties, Art. II, § 2, cl. 2. As long as the exercise of Congress' plenary power is "tied rationally to the fulfillment of Congress' unique obligation toward the Indians" such exercise will not be disturbed. *Morton,* 417 U.S. at 555, 94 S.Ct. at 2485.

Title 18 U.S.C. § 1163 provides criminal penalties for theft from a tribal organization. The purpose of the statute is to protect Indian tribal organizations from the actions of dishonest or corrupt tribal officials. *See,* 1956 U.S.Code Cong. and Admin.News, p. 3841. The court finds that the statute is tied rationally to Congress' obligation to the Indians. Accordingly, Section 1163 is a valid exercise of Congress' plenary power granted under the Indian Commerce Clause.

Because Section 1163 was enacted pursuant to the Indian Commerce Clause, it is important to note that the Interstate Commerce Clause and the Indian Commerce Clause have very different applications. *Cotton Petroleum Corp. v. New Mexico,* 490

---

1. Contrary to defendant's argument, Congress did not divest itself of the authority to enact Section 1163 when it enacted Public Law 280.

See discussion at page 61, Report and Recommendation dated October 12, 1995.

U.S. 163, 192, 109 S.Ct. 1698, 1715, 104 L.Ed.2d 209 (1989).

In particular, while the Interstate Commerce Clause is concerned with maintaining free trade among the States even in the absence of implementing federal legislation ... the central function of the Indian Commerce Clause is to provide Congress with plenary power to legislate in the field of Indian affairs ... The extensive case law that has developed under the Interstate Commerce Clause, moreover, is premised on a structural understanding of the unique role of the States in our constitutional system that is not readily imported to cases involving the Indian Commerce Clause.

*Cotton Petroleum Corp.*, 490 U.S. at 192, 109 S.Ct. at 1715 (citations omitted).

*Lopez* was determined on the basis of the Interstate Commerce Clause. Thus, its holding is not applicable herein.[2]

Because this court finds Section 1163 was a valid exercise of Congress' plenary power, and because *Lopez* is inapposite, Defendant's motion to dismiss is DENIED.

The Defendant also seeks reversal of Magistrate Judge Erickson's Order of October 12, 1995, to the extent that the government is required to turn over expert disclosures no later than seven days prior to trial. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); Local Rule 72.1(b)(2). Based on review of the record and the submissions of the parties, the Court concludes that although the Magistrate Judge's Order is neither clearly erroneous nor contrary to law, this court will nonetheless grant Defendant partial relief and order the government to turn over its expert disclosures twenty-one (21) days prior to trial.

Accordingly, IT IS HEREBY ORDERED that:

1. The Defendant's motion to dismiss the Indictment for want of subject matter jurisdiction [Clerk Docket No. 84] is DENIED.

2. The Defendant's motion to dismiss and/or strike all references to actions to defraud the State of Minnesota of sales tax [Clerk Docket No. 81] is DENIED.

3. The Defendant's motion for the suppression of physical evidence and statements [Clerk Docket No. 83] is DENIED.

4. The Defendant's motions to dismiss Counts 2 through 9 and 26 [Clerk Docket No. 85 and 116] are DENIED.

5. The Defendant's motion to dismiss Count 10, 11, 13, and 14 [Clerk Docket No. 87] is DENIED.

6. The Defendant's motion to dismiss Count 12 [Clerk Docket No. 89] is DENIED.

7. The Defendant's motion to dismiss Counts 15 through 19 [Clerk Docket No. 90] is DENIED.

8. The Defendant's motion to dismiss Counts 21 and 22 [Clerk Docket No. 91] is DENIED, and

Magistrate Judge Erickson's Order is AFFIRMED except as follows:

1. The Defendant's motion to compel the immediate disclosure of expert witness summaries is GRANTED to the extent that the government must turn over its expert witness summaries no later than twenty-one days prior to trial.

---

**2.** The statute at issue in *Lopez* is also distinguishable from Section 1163, as Section 1163 clearly affects Indian commerce, and has a jurisdictional requirement. *Lopez*, —— U.S. at ——, 115 S.Ct. at 1631.